# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| SOUTHERN APPALACHIAN MOUNTAIN STEWARDS, ET AL., | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 2:16CV00026 |
| v. | ) ) | **OPINION AND ORDER** |
| **RYAN ZINKE, SECRETARY OF THE INTERIOR,** | ) ) ) ) | By: James P. Jones<br>United States District Judge |
| Defendant. | ) | |

*Walton D. Morris, Jr., Morris Law Office, P.C., Charlottesville, Virginia, and Isak Howell, Roanoke, Virginia, for Plaintiffs; Rick A. Mountcastle, Acting United States Attorney and Sarah Bugbee Winn, Assistant United States Attorney, Roanoke, Virginia, and John Austin, Field Solicitor and Leta Hollon, Attorney-Advisor, U.S. Department of the Interior, Office of the Solicitor, Knoxville, Tennessee, for Defendant.*

In this environmental case, I previously entered summary judgment in favor of the plaintiffs, finding that a decision by the Secretary of the Interior ("Secretary") denying a federal inspection of selenium levels at a surface coal mine's outfall was arbitrary and capricious. *S. Appalachian Mountain Stewards v. Zinke*, No. 2:16CV00026, 2017 WL 4171391, at *1 (W.D. Va. Sept. 20, 2017). I remanded the case to the Secretary for the purpose of conducting a federal inspection of selenium levels at Red River Coal Company's Greater Wise No. 1 Mine, Outfall 001. *Id.* at *7.

Following that decision, the plaintiffs have moved for an award of attorneys' fees and costs. In accordance with Local Rule 54(a)(2), the plaintiffs supported their motion with detailed time records and accounting of expenses incurred, as well as affidavits addressing counsel's experience, the complex nature of the case, and the reasonableness of the fees charged. The Secretary responded to the motion seeking a lower total fee amount than that requested by the plaintiffs, but the Secretary did not identify any particular time entries as unreasonable or dispute the reasonableness of the hourly billing rates of plaintiffs' counsel. The plaintiffs request a total award of $62,285.85 and the Secretary suggests that an award of $55,475.85 is more appropriate.

A regulation promulgated under the Surface Mining Control and Reclamation Act ("SMCRA") provides that attorneys' fees and costs are available to a party in a SMCRA proceeding "'who prevails in whole or in part, achieving at least some degree of success on the merits' (the eligibility requirement), and who makes 'a substantial contribution to a full and fair determination of the issues' (the entitlement requirement)." *W. Va. Highlands Conservancy, Inc. v. Kempthorne*, 569 F.3d 147, 151 (4th Cir. 2009) (quoting 43 C.F.R. § 4.1294(b)). "A party who obtains a remand order requiring an administrative agency to properly perform its regulatory duties has achieved some degree of success on the merits . . . ." *Id.* at 152. The Secretary concedes that the plaintiffs have met both the eligibility

requirement and the entitlement requirement. Therefore, I find that both requirements are satisfied.

I further find that the attorneys' fees requested by the plaintiffs are appropriate under the circumstances. "The starting point for establishing the proper amount of [a fee] award is [the so-called lodestar product,] the number of hours reasonably expended, multiplied by a reasonable hourly rate." *Rum Creek Coal Sales, Inc. v. Caperton,* 31 F.3d 169, 174 (4th Cir. 1994). Other considerations, such as those identified in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir.1974), may require that the award be adjusted from the lodestar figure.[1] *Rum Creek*, 31 F.3d at 175. "The most critical [of those] factor[s] . . . is the degree of success obtained." *Freeman v. Potter*, No. 7:04CV00276, 2006 WL 2631722, at *5 (W.D. Va. Sept.13, 2006); *see Hensley v. Eckerhart*, 461 U.S. 424, 434–35 (1983).

Considering all of these factors, I find the attorneys' fees requested by the plaintiffs to be reasonable. The hourly rates claimed are not in excess of those

---

[1] The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and the ability of the attorneys; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. 488 F.2d at 717–19; *Rum Creek,* 31 F.3d at 175.

normally claimed in this type of litigation in this court.  Moreover, the time spent was reasonable and other relevant factors support the amount claimed.  The plaintiffs are therefore entitled to a total of $61,810.00 for attorneys' fees associated with this litigation.

The plaintiffs are also entitled to recover "[a]ppropriate costs and expenses." 43 C.F.R. § 4.1294.  They seek recovery of the following costs and expenses:

1. $400.00 for the filing fee;

2. $75.32 for automobile rental and gasoline to travel to oral argument; and

3. $0.53 for note cards used at oral argument.

While the filing fee and travel costs claimed are reasonable expenses of the litigation that would normally be billed to a client, I find that the charge for note cards is not a recoverable expense, as office supplies are considered attorney overhead and generally are not billed to clients.  *See, e.g.*, *Pigford v. Vilsack*, 89 F. Supp. 3d 25, 36 (D.D.C. 2015); *Church of Our Savior v. City of Jacksonville Beach*, 108 F. Supp. 3d 1259, 1277 (M.D. Fl. 2015); *Conservation Law Found., Inc. v. Patrick*, 767 F. Supp. 2d 244, 259 (D. Mass. 2011).  Therefore, I will omit the charge of $0.53 and award expenses in the amount of $475.32.

For the foregoing reasons, it is **ORDERED** as follows:

1. Plaintiffs' Motion for an Award of Costs and Expenses, Including Reasonable Attorney Fees (ECF No. 27) is GRANTED; and

2. Plaintiffs are awarded costs and expenses, including reasonable attorneys' fees, in the total amount of $62,285.32.

ENTER: November 6, 2017

*/s/ James P. Jones*
United States District Judge